ANDREW B. FINBERG, ESQ.
Law Office of Andrew B. Finberg, LLC
525 Route 73 South, Suite 200
Marlton, NJ 08053
(856) 988-9055
Attorney for

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
*(Camden Vicinage)*

| | |
|---|---|
| In Re:<br><br>RUTH I BAEZ<br><br>Debtor. | Chapter 13<br><br>Case No. 22-13330<br><br>Hon. Jerrod N. Poslusny, Jr.<br><br>Confirmation Hearing Date: June 29, 2022 |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

  **PLEASE TAKE NOTICE** that Triple J's, LLC, through their counsel, Law Offices of Andrew B. Finberg, LLC, hereby objects to confirmation of the Chapter 13 plan on grounds including:

  1) The Debtor's plan does not propose a "prompt" cure. Under 11 U.S.C.A § 365(a), 1322 (b)(7), the Chapter 13 may assume or reject an unexpired lease of the debtor. However, the term "promptly" has continually been interpreted to as being less than a two (2) year period. (See, In Re Gary D. DiCamillo, 206 B.R. 64). In the instant matter, the Debtor is attempting to cure arrears over a five (5) year period which exceeds a reasonable or "prompt" cure period.

  2) The Debtor has not proposed a feasible Chapter 13 Plan. The Debtor proposes to pay $1,640.00/month to the Chapter 13 Standing Trustee. To do so, the Debtor, who maintains a household of five (5), states that the family will only pay $700/food, $150/clothing and

$50/personal care. Furthermore, the proposed schedules do not consider any expenses for school/education or entertainment for four (4) children all seventeen (17) years of age or younger.

3) Debtor's plan is based on a 2021 Tax refund in the amount of $14,800.00 and subsequently divided over a twelve (12) month period. The Debtor testified at her 341(a) meeting of creditors that the 2021 Federal Income Tax was already received and was for approximately $8,000.00. According to the Debtor's schedules, a total of $3,183.17 was on hand, through five (5) separate accounts, as of the petition date. Therefore, it is questionable as to how the Debtor can fund a Chapter 13 Plan without supplementing the budget with monthly disbursement from the originally premised tax refund.

4) The Debtor has not filed the pending case in good faith. The Debtor has continually defaulted as to the terms of the residential lease and failed to abide by orders of the Landlord/Tenant Court. The social security number provided when obtaining her residential lease is different than the social security number that appears on her petition. Furthermore, it appears that the Debtor is also working as a real estate agent. The Debtor makes no mention as to real estate commissions despite an apparent real estate closing taking place as recently as March 25, 2022. The Debtor has failed to list real estate commissions on Schedules 'B', 'I' or the 'Means Test' for purposes of calculating the past six (6) months of income. In fact, there is no mention anywhere on Debtor's petition as to the Debtor's real estate commissions. During the Debtor's 341(a) testimony, Debtor stated that she anticipated one (1) closing per month going forward but gives no such indication on her filed petition.

5) As of the date of this objection, the Debtor has yet to commence payments to the Chapter 13 Standing Trustee. The Debtor's plan was filed on April 25, 2022, to 'stay' a pending action in the Landlord/Tenant Court for eviction. In accordance with the United States Federal Bankruptcy Code, the Debtor should have commenced payments to the Chapter 13 Standing Trustee the month subsequent to case filing (May 2022). While the Debtor did in fact submit a May 2022 rental payment, the Debtor has yet to submit a payment to the Standing Trustee nor has

the Debtor paid the June 2022 rental obligation. Both factors raise further questions as to feasibility and good faith.

6) The residential landlord is owed approximately $27,442.01 in pre-petition arrears. The Debtor has continued to enjoy the use of the premises and now proposes a plan that is neither feasible nor proposed in good faith. Should this Court afford the Debtor an opportunity to reorganize despite the above referenced concerns, it is respectfully requested that Triple J's, LLC be adequately protected by requiring the Chapter 13 Trustee to make equivalent distribution to the landlord as to those being paid to Debtor's counsel as an administrative priority. In addition, any cure of residential arrears should be within a six (6) month period.

Submitted by,

Date: June 10, 2022

/s/Andrew B. Finberg
Counsel for Triple J's, LLC