ANDREW B. FINBERG, ESQ.  
Law Office of Andrew B. Finberg, LLC  
525 Route 73 South, Suite 200  
Marlton, NJ 08053  
(856) 988-9055  
Attorney for  

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
*(Camden Vicinage)*

| | |
|---|---|
| In Re: | Chapter 13 |
| RUTH I BAEZ | Case No. 22-13330 |
| Debtor. | Hon. Jerrod N. Poslusny, Jr. |
| | Hearing Date:  November 18, 2022 |

**CERTIFICATION IS SUPPORT OF TRUSTEE'S CERTIFICATION OF DEFAULT**

**PLEASE TAKE NOTICE** that Triple J's, LLC, through their counsel, Law Offices of Andrew B. Finberg, LLC, hereby supports the Chapter 13 Standing Trustee's certification of default and joins in seeking dismissal of the Debtor's pending Chapter 13 filing:

1) The Debtor filed the pending case on April 25, 2022.  This filing came on the eve of Triple J's, LLC obtaining an order for eviction in the Landlord Tenant Court.  At the time of filing, the Debtor owed $27,442.01 in pre-petition rental arrears.

2) Subsequent to case filing, the Debtor made one (1) direct rental payment to Triple J's, LLC, which was representative of the May 2022 payment.  Thereafter, in efforts to resolve Triple J's then pending objection to confirmation, Triple J's agreed to apply funds received from a New Jersey housing assistance program.  The application of the program payments accounted for two (2) additional payments and, per the terms of the consent order, were applied to June and July of 2022.  The Debtor was to resume payments as of August 2022 and was to immediately pay

outstanding water/sewer charges to Maple Shade Township. In contrast to the agreed upon resolution, Debtor failed to make any additional payments of rent or the water/sewer obligation. A certification of default was filed on September 8, 2022, and stay relief was subsequently entered on September 23, 2022.

3) Since the Date of the Debtor's petition filing, the Debtor has made one (1) payment to the Chapter 13 Standing Trustee. This payment, in the amount of $3,280.00, was made on June 21, 2022, with no additional payments made in the four (4) plus months that have followed.

4) The Debtor's initial case was not filed in "good faith", and the Debtor has abused the Bankruptcy system to the detriment of the landlord. The Debtor appears to have abandoned the property (i.e. broken window left unattended, grass/landscaping needs ignored) and continued to accrue additional/post-petition water/sewer charges were left unpaid. After the Landlord took measures to secure the abandoned property, Debtor sent threatening messages and indicated that she will "let you know when I am done."

5) The Debtor's plan was filed to delay and hinder then landlord's efforts seeking eviction. Debtor's initial plan was speculative at best and failed to disclose such material facts such as the following:

    a. Debtor's real estate commissions (not listed on Schedule 'I' or on the "Means Test")

    b. Alternative social security number (used for the application and retention of her residential lease with Triple J's, LLC)

    c. Tax refund that was to be divided out over the course of Debtor's Plan had already been utilized at the time of filing

6) The Debtor has not filed the pending case in good faith. The Debtor has continually defaulted as to the terms of the residential lease and failed to abide by orders of either the Landlord/Tenant Court or the United States Federal Bankruptcy Court. Should this Court allow the case to proceed and a modified plan to be proposed, the Landlord should be allowed to file a

priority claim for all post-petition rents due and owing in accordance with the lease agreement. Furthermore, Landlord should be entitled to complete reimbursement of all of the following:

    a. All repairs to the premises (i.e. broken window, wrought iron railing repair, hot tub removal) – initial estimates total around $3,195.00)

    b. Reimbursement for attorney fees/costs related to eviction, collection and bankruptcy actions

    c. Reimbursement for water and sewer charges ($528.63 to date with an additional bill anticipated within the next several days)

7) Any amounts requested by opposing counsel should be paid outside the Chapter 13 Plan or, if sought through the Debtor's case, be disbursed by the Standing Trustee after all amounts have been paid Landlord.

Submitted by,

/s/Andrew B. Finberg
Counsel for Triple J's, LLC

Date: November 10, 2022